FILED
MAY 28 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OMAN GUTIERREZ, (#00-R-1047),

     Plaintiff,

-against-

ANTHONY J. ANNUCCI (Commissioner); BRIAN FISCHER (former Commissioner); JOSEPH P. BELLNIER (Deputy Commissioner); LUCIEN J. LECLAIR (former Deputy Commissioner); ALBERT PRACK (former Director of Special Housing and Inmate Discipline); STEWART ECKERT (former Deputy Superintendant for Security at Attica Corr. Facility); and Eight Unknown Named Deputy Commissioners and Designees of Dept. of Corrections & Community Supervision; In Both of Their Individual and Their Official Capacities

     Defendants.

PRISONER CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983.

Case No. 21-CV-699-A

**Jury Trial:** Not Requested

---

The PLAINTIFF in the above caption, alleges as follows:

### JURISDICTION

1. This is a civil action seeking relief and damages to defend and to protect the rights gauranteed by the constitution of the United States and brought pursuant to 42 U.S.C. §1983. This court has jurisdiction over the action, pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4). The defendants are state officials who

-1-

were acting under the color of law to deprive the Plaintiff rights and privileges secured by the constitution as set forth more fully below.

## PARTIES

2. The Plaintiff, Oman Gutierrez was at all times relevant herein, a prisoner of the State of New York (although he had been temporarily housed at Rikers Island in 2010); and he is currently confined at the Wende Facility, which is located at 3040 Wende Rd., Alden, New York 14004 - 1187.

3. Defendant, Anthony J. Annucci is employeed by the Dept. of Corrections and Community Supervision ("DOCCS") as Commissioner; and his office is located at DOCCS, The Harriman State Campus, 1220 Washington Avenue, Albany, New York 12226 - 2050.

4. Defendant Brian Fischer was formerly employeed by DOCCS as Commissioner. His current employment status and address is not known at this time.

5. Defendant, Joseph P. Bellnier is employed by DOCCS as Deputy Commissioner for Correctional Facilities and his office is located at DOCCS, Harriman State Campus, 1220 Washington Avenue, Albany, New York 12226 - 2050.

6. Defendant, Lucien J. LeClair was formerly employeed by DOCCS as Deputy Commissioner for Correctional facilities, and his current employment status and address are not known at this time.

7. Defendant, Albert Prack was formerly employeed by DOCCS as director of Special Housing and Inmate Discipline. His current employment status and address are not known at this time.

8. Defendant, Stewart Eckert is employed by DOCCS. He Had priorly held the position of Deputy Superintendant of Security at Attica CF, but currently holds the position of Superintendant at Wende CF, which is located at 3040 Wende Rd., Alden, N.Y. 14004.

9. Defendants, Eight unknown named Deputy Commissioners & Designees are Current/former employees of DOCCS, who held offices at the Harriman State Campus, 1220 Washington Avenue, Albany, N.Y. 12226.

## EXHAUSTED REMEDIES

10. In accordance with the prison Litigation Reform Act (42 U.S.C. §1997[e][a]), the Plaintiff has exhausted all remedies that were available to him (to the best of his ability) by either presenting the issues to administrative officials or through the prison grievance program and even attempted to attain aid through office of the NY Attorney General. Said efforts had proved to be futile.

## PREVIOUS LAWSUITS

11. The Plaintiff filed two prior actions in state court that were related to facts/circumstances involved in this action but has not filed any other lawsuits, nor had any cases dismissed

based on the three strikes rule. The prior state actions filed are:

  A. (i) Petitioner: Oman Gutierrez, (#00-R-1047)

  (ii) Respondent: Brian Fischer (Commissioner)

  (iii) Court: Supreme Court, County of Wyoming

  (iv) Index No. 21,106 - 11

  (v) Assigned Judge: Mark H. Dadd

  (vi) Disposition: granted petition (vacating decision - of Administrative Segregation hearing conducted on Jan. 20, 2011; and ordered DOCCS to conduct a new hearing by a different hearing officer).

  (vii) Approx. date of filing:  2011 ?

  (viii) Approx. date of disposition: Jan. 16, 2012

  B. (i) Petitioner: Oman Gutierrez, (#00-R-1047)

  (ii) Respondent: Brian Fischer (Commissioner)

  (iii) Court: Supreme court, County of Wyoming

  (iv) Index No. 21, 210 - 12

  (v) Assigned Judge: Mark H. Dadd

  (vi) Disposition: Transfered to appellate Court on or about Dec. 18, 2012.

  (vii) Approx. date of filing: ?

after transfer:

  (viii) Court: NY Appellate Division, Fourt Department

  (ix) Appellate Dkt. ?

  (X) Disposition: dismissed petition

  (Xi) Approx. date of disposition: June 7, 2013
  cited at 107 A.D.3d 1463

-4-

## STATEMENT OF FACTS

12. The plaintiff brings this civil complaint against the above named defendants, who acted under the color of state law (in both their personal & official capacities) and violated his rights gauranteed by the constitution. The facts are stated as follows:

13. The plaintiff was subjected to an atypical period of time in the isolated confinement of administrative segregation ("admin. seg.") that totaled eight consecutive years. During the course of that time the plaintiff was denied meaningful and timely reviews of his status, which had been predetermined and wrongfully used as a punitive measure.

14. The plaintiff is currently serving out the sentence of 52 years to life and with the exception of a brief period in 2010, he has been in the custody of the N.Y.S Department of Corrections and Community Supervision since 2000.

15. In December of 2010, the plaintiff was temporarily held by the NYC Department of Corrections at Rikers Island. During that period NYC DOC staff reported to have found items of contraband in the cell that the plaintiff was just moved to two days prior. Said contraband was alleged to include 3 shank weapons, a razor, money, 270 grams of marijuana and tobacco. The plaintiff was not present when the cell was searched and his property was actually moved in to that cell by other inmates, while he was out to court.

16. The plaintiff had not been subject to any disciplinary

charges nor any corresponding criminal charges relative to the items of contraband allegedly found. Yet, upon returning to DOCCS custody a senior investigator (E. Demo) recommended that this plaintiff be placed on admin. seg.

17. Investigator Demo advocated that said contraband was not only dangerous, but that the unusual amount indicated that the plaintiff was involved in criminal activity with people outside of the facility. And that, based on those factors, the plaintiff was opinioned to be a threat to the safety/security of the facility, warrenting admin. seg., to prevent him from engaging in illegal-activity with the public.

18. On December 30, 2010, this plaintiff transfered to the Attica facility and was immediately placed in the Special Housing Unit ("SHU") upon his arrival. A few days later he was notified of the impending admin. seg. proceedings and a hearing was conducted on Jan. 20, 2011. In it's conclusion, the hearing officer adopted the recommendations of Inv. Demo to place the plaintiff on admin. seg.

19. Said decision was subsequently vacated on January 16, 2012, by order of the Supreme Court, Wyoming County, based upon regulatory violations involving the denial of witnesses/documents that were requested by the plaintiff for his defense.

20. A new hearing was concluded on Feb. 10, 2012, by Mike Rasmus (CHO), who likewise adopted the recommendations of Inv. Demo

-6-

and decided to keep the plaintiff on admin. seg. confinement. That decision was later upheld by the N.Y.S Appellate Division, Fourth Department on June 7, 2013.

21. In this matter, there was no real evidence to conclude that the plaintiff was engaged in criminal activity, thus posing a threat to the safety or security of any DOCCS facility to warrent admin. seg. Rather, this process was wrongfully used as a pretext for punitive action due to the lack of evidence and the conjecture of Inv. Demo.

22. According to testimony of Inv. Demo his recommendation was based on photographs of the contraband and statements from NYC DOC staff. Yet, there was no testimony from NYC DOC staff or any other source, regarding how the contraband was actually found. Who found it and what information led to the search / discovery of the contraband allegedly found in the plaintiff's new cell location.

23. There was no testimony that the plaintiff had actually possessed the contraband or how he could have obtained it. Furthermore, the photographs of the contraband could have been taken any where at anytime, because they were not dated or marked for cell location. Yet, despite the scarcity of any such information, the hearing officer relied soley upon the hearsay testimony of Inv. Demo and denied all of the plaintiff's requests for documents and witnesses necessary to meaningfully consider his defense or to adequately assess the credibility of the sources of information provided by Inv. Demo.

24. The plaintiff was entitled to review of his admin. seg. status every 60 days up to July 18, 2017. DOCCS policy then changed to require a review every 30 days and that, notice of the reasons for the determination be provided to the plaintiff.

25. It was the responsibility of the Deputy Commissioner of Correctional Facilities (or his designee) to make the final decision of whether to continue the plaintiff on admin. seg. confinement or to release him to the general population and to provide a copy of that decision to the plaintiff.

26. The plaintiff was not regularly provided with all of the recommendations or of timely notice of the admin. seg. status decisions as required to allow him to offer a meaningful statement on his behalf. On at least two occasions in 2015, defendant Eckert had impermissibly ordered the plaintiff's continued confinement on admin. seg., without notice, documented reasons or authorization.

27. Over the course of the ensuing years, the plaintiff's admin. seg. status was reviewed no less then 60 times. Yet despite the long passage of time, most of the recommendations & decisions were either identical or based upon the same reasons. They lacked any indication that consideration of whether the initial reasons to place him on the admin. seg. status were still valid and made no mention of when he could expect to return to general population or what he could do to get off the confinement of admin. seg.

28. Defendants Bellnier, Leclair, Prack and Eight Unknown

Deputy Commissioners & designees made the rest of the decisions to affirm or extend this plaintiff's admin. seg. confinement over the accruing years. These decisions were pre-determined, without any consideration of new and relevant info, beyond a few infractions - that were considered in a punitive manner and not as a valid basis to continue the admin. seg., rather then disciplinary confinement.

29. Several F.O.I.L requests were made by this plaintiff over the course of the past several years, to both gain access to the documents associated with his admin. seg. confinement and to further identify those DOCCS officials involved with that process. To date, full disclosure has not been provided; but a continuing effort is being made by plaintiff to ascertain those documents and information.

30. The plaintiff's confinement on admin. seg. did not end until Oct. 15, 2018.

31. Admin. seg. is the most restrictive form of confinement of prisoners by DOCCS and it's conditions are materially different from those affecting other prisoners. This plaintiff was confined no less than 22 out of 24 hours per day. He ate & exercised alone. He had little to no social interaction. He could not participate in religeous practices and his access to the law library had been severly restricted to deny him meaningful court access.

32. The plaintiff's recreation consisted of up to 2 hours in an empty cage (no larger than his cell) and he had no access to

any type of exercise equipment. His phone privileges were likewise reduced to two (30 minute) monitered-calls per week, that were usually offered at times when his family was unable to be reached. The plaintiff was thus subjected to extreme isolation and no real form of exercise or social interaction for several years.

33. During the plaintiff's confinement on admin. seg., he was overcome with despair/anxiety that increased as years passed. He suffered bouts of deep depression, which lasted days (sometimes weeks). It caused him to lose his appetite and undergo weight loss. He also sustained migraines and physical deterioration (consisting of the loss of coordination and muscle strength).

34. Moreover, the plaintiff is illiterate, with a reading level of 3.2 and a math level of 5.7. He therefore relied upon the advice or assistance from other inmate law library clerks, whom he had to correspond in writting for help to address these issues and was often delayed. The plaintiff was also transfered to different prisons (approx. 6 times) during the course of his confinement to admin. seg. This further contributed to obstructing his ability to get meaningful assistance from someone that was familiar with his circumstances and knowledgeable with the appropriate legal avenues to take and how.

35. The underlying constitutional violations imposed by plaintiff's admin. confinement was brought to the personal attention of defendants Fischer and Annucci, several times over the ensuing years. Yet, both defendants had refused to cure those violations

identified by the plaintiff, despite having the responsibility to.

## CAUSES OF ACTION

36. The first cause of action arises from the acts of the defendants, Bellnier, Leclair, Prack, Eckert and the eight unknown named commissioners (and or designees), who impermissibly used the condictions of the admin. seg. in a punitive manner in violation of the plaintiff's right to due process. Const. Amend. 14.

37. The second cause of action arises from the failure of each of the defendants, Bellnier, Leclair, Prack, Eckert, and the Eight unknown named commissioners (and or designee) to provide the plaintiff with meaningful periodic reviews or with adequate notice of his continued admin. seg. confinement; but who only nominally conducted those reviews, based on a preordained decision, further violated the plaintiff's right to due process. Const. Amend. 14.

38. The third cause of action arises from those effects of the conditions of confinement / isolation endured by this plaintiff for approx. 8 consecutive years (from 12-30-10 to 10-15-18) which had been grossly disproportionate to the defendant's reason(s) for placing him on admin. seg. and violated the plaintiff's rights to be free from cruel & unusual punishment. Const. Amend. 8.

39. The fourth cause of action arises from the deliberate indifference of defendants, Annucci, Fischer, Bellnier, Leclair, Prack, Eckert and Eight unknown commissioners (or designees), to the long term effects of keeping the plaintiff isolated on admin.

-11-

seg. confinement for several consecutive years. Const. Amend. 8.

## PRAYER FOR RELIEF

40. The plaintiff hereby requests that this court grant the following relief:

a) Compensatory damages for injuries (violations) sustained by the plaintiff as a result of the foregoing causes of action; and

b) Punitive damages with respect to each defendant based on their involvement in the foregoing causes of action.

41. In accordance to the provisions of FRCP, the plaintiff, hereby certifies that he believes the complaint to be well grounded in fact and law and that it is not intended to harass or cause any unecessary delays. He further declares that under the penalties of perjury the foregoing contents are true and correct (except as to those matters alleged upon information & belief and believes those matters to be true).

Dated: April 22, 2021.

RESPECTFULLY SUBMITTED,

OMAN GUTIERREZ, Pro Se
(Plaintiff)
WENDE CORRECTIONAL FACILITY
3040 WENDE ROAD
ALDEN, NEW YORK 14004 - 1187

OMAN GUTIERREZ, (#00-R-1047)
WENDE CORRECTIONAL FACILITY
3040 WENDE RD., P.O. BOX 1187
ALDEN, NEW YORK 14004


MARY C. LOEWENGUTH
(Court Clerk)
U.S. DISTRICT COURT
WESTERN DISTRICT
200 U.S. COURTHOUSE
2 NIAGARA SQ.
BUFFALO, NEW YORK 14202        May 12, 2021


RE: Civil Rights Complaint
    (42 U.S.C. §1983)


Dear Ms. Loewenguth,

Please find enclosed, for filing, a civil rights complaint along with civil cover sheet and forma paupris application. Please further note that the Plaintiff is proceeding pro se and therefore respectfully asks that the court promptly notify him of any other requirements necessary for filing.

The court's time and attention to this matter is likewise, greatly appreciated.


RESPECTFULLY,

_____
OMAN GUTIERREZ, Pro Se
(Plaintiff)


cc: file

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
OMAN GUTIERREZ, (#00-R-1047)

**DEFENDANTS**
ANTHONY J. ANNUCCI, (Commissioner)

**(b)** County of Residence of First Listed Plaintiff: **Erie**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Albany**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
OMAN GUTIERREZ (Pro Se)
WENDE CORRECTIONAL FACILITY
ALDEN, NEW YORK 14004-1187

Attorneys *(If Known)*
LETITIA JAMES (NYS Attorney General)
LITIGATION BUREAU, THE CAPITOL
ALBANY, NEW YORK 12224-0341

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
[X] 550 Civil Rights

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: **42 U.S.C. §1983**
Brief description of cause: **Civil Rights Action**

## VII. REQUESTED IN COMPLAINT:
DEMAND $ **500,000.00**
JURY DEMAND: [X] No

## VIII. RELATED CASE(S) IF ANY
JUDGE: see attached sheet

DATE: April 22, 2021
SIGNATURE OF ATTORNEY OF RECORD: *(Oman [signature])* (Plaintiff, Pro Se)

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

(CIVIL COVER SHEET Cont.)

VIII. Related Cases:

    Oman Gutierrez v. Brian Fischer, (Commissioner)
    Supreme Court, County of Wyoming
    Index No. 21,106 - 11
    granted petition - vacating decision of Administrative Segregation hearing conducted by DOCCS officials on Jan. 20, 2011 and ordered a new hearing.

    Oman Gutierrez v. Brian Fischer, (Commissioner)
    Supreme Court, County of Wyoming
    Index No. 21,210 - 12
    transfered to Appellate Division, Fourth Department on Dec. 18, 2012
    dismissed petition on June 7, 2013
    cited at 107 A.D.3d 1463

**WENDE CORRECTIONAL FACILITY**
**3040 WENDE RD., PO BOX 1187**
**ALDEN, NY 14004-1187**

OMAN GUTIERREZ,   #00-R-1047
INMATE NAME/NUMBER

USDC - WDNY
MAY 28 2021
BUFFALO

No Funds Were Enclosed

LEGAL MAIL

c/o:

MARY C. LOEWENGUTH
(Chief Clerk)
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
200 U.S. COURTHOUSE
2 NIAGRA SQUARE
BUFFALO, NEW YORK   14202-3498

WENDE CORR FAC

BUFFALO
WED 26 MA

