UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OMAN GUTIERREZ,

                        Plaintiff,

                                                                  **DECISION AND ORDER**
      v.                                                            21-CV-699-A

ANTHONY J. ANNUCCI, Commissioner
BRIAN FISCHER, Former Commissioner,
JOSEPH P. BELLNIER, Deputy Commissioner,
LUCIEN J. LECLAIR, Former Deputy Commissioner,
ALBERT PRACK, Former Director of Special Housing
and Inmate Discipline,
STEWART ECKERT, Former Deputy Superintendent
for Security at Attica Corr. Facility,
EIGHT UNKNOWN NAMED DEPUTY
COMMISSIONERS AND DESIGNEES OF
DEPT. OF CORRECTIONS & COMMUNITY
SUPERVISION in Both of Their Individual
and Their Official Capacities,[1]

                        Defendants.
_____

      In this prisoner civil rights action commenced *pro se* by Plaintiff Oman Gutierrez, an inmate in the care and custody of the New York State Department of Corrections and Community Supervision, Plaintiff alleges two claims pursuant to 42 U.S.C. § 1983 in his Complaint: (1) Fourteenth Amendment due process violations, and (2) Eighth Amendment conditions of confinement violations, both in relation to Defendants' alleged violation of his constitutional rights when they held him in

---

[1] In its initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the official capacity claims, with prejudice. *See* Dkt. No. 6, pp. 6-7.

1

solitary confinement for approximately eight years, allegedly without meaningful review of the need for such confinement.

The case was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings.

On February 21, 2023, Magistrate Judge McCarthy issued a Report and Recommendation ("R&R") (Dkt. No. 28) on the motion filed by defendants Anthony Annucci, Joseph Bellnier, Stewart Eckert, and Lucien LeClair (Dkt. No. 10), and the motion filed by defendant Albert Prack (Dkt. No. 24) seeking the same relief, *i.e.*, (1) to revoke Plaintiff's *in forma pauperis* ("IFP") status; and (2) to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Judge McCarthy recommends granting the motion to revoke Plaintiff's IFP status but providing the Plaintiff the opportunity to pay the filing fee, as well as granting the motion to dismiss and dismissing the Complaint unless Plaintiff pays the filing fee and files an amended complaint within 60 days.

Federal Rule of Civil Procedure 72(b)(3) provides, "[t]he district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*" (emphasis added).  Here, no objections to the R&R have been filed.  "When no timely objection is filed, the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." 1983 Advisory Committee Note to Fed. R. Civ. P. 72(b); *see Patton v. Ford Motor Co.*, 14-CV-0308-RJA-HBS, 2017 WL 2177621, 2017 U.S. Dist. LEXIS 76148, *5 (W.D.N.Y. May 18, 2017) (same).

The Court finds no clear error with respect to Magistrate Judge McCarthy's

recommendations, and hereby revokes Plaintiff's IFP status but provides him the opportunity to pay the filing fee.  With respect to Defendants' motion to dismiss, as found by Judge McCarthy, "as a result of his retirement," Defendant Albert Prack "can have no non-time-barred claims [brought] against him."  Thus, Plaintiff's claims against Defendant Prack are dismissed with prejudice and Prack is terminated from this action.  Plaintiff's time-barred due process claims are dismissed with prejudice, as well, as any attempt to amend those claims would be futile.  *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."

Because Plaintiff's remaining *pro se* claims may be cognizable if they are amended as noted in the R&R, the Court will permit Plaintiff to file an amended complaint.  Plaintiff is advised that his failure to comply with the directives herein regarding the filing fee and filing of an amended complaint will result in a dismissal of the Complaint and dismissal of this action, with prejudice.  Plaintiff is also advised that an amended complaint is intended to **completely replace** the prior Complaint (Dkt. No. 1), and thus an amended complaint would completely replace the original Complaint (Dkt. No. 1) and " 'render[ ] it of no legal effect.' "  *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998), quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Therefore, an amended complaint <u>must include all of the allegations against each Defendant</u> so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer.

As such, it is hereby

**ORDERED** that pursuant to 28 U.S.C. § 636(b)(1) and for the reasons set forth in the R&R, Defendants' motions to dismiss (Dkt. Nos. 10 and 24) are GRANTED and Plaintiff's IFP status is revoked; and it is further

**ORDERED** that Plaintiff is directed to pay the $402.00 filing and administrative fees **no later than sixty (60) days from entry of this Decision and Order**; and it is further

**ORDERED** that Defendant Prack is terminated from this action; and it is further

**ORDERED** that Plaintiff's time-barred due process claims are dismissed, with prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint remedying the deficiencies identified in the R&R, except as to Defendant Prack and Plaintiff's time-barred due process claims, **no later than sixty (60) days from entry of this Decision and Order**;[2] and it is further

**ORDERED** that the Clerk of the Court is directed to send Plaintiff with this Decision and Order a copy of the Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

**ORDERED** that in the event Plaintiff has failed to pay the filing fee and/or has failed to file an amended complaint in the manner directed above, within 60 days of entry of this Decision and Order, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and it is further

---

[2] Upon payment of the $402.00 and filing of an amended complaint, the case will be recommitted to Magistrate Judge McCarthy for any further proceedings.

**ORDERED** that in the event the Complaint is dismissed because Plaintiff failed to pay the filing fee and/or failed to file an amended complaint as directed, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

        _s/Richard J. Arcara_
        HONORABLE RICHARD J. ARCARA
        UNITED STATES DISTRICT COURT

Dated:  March 23, 2023
       Buffalo, New York